IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAPITAL CROSSING BANK, | ) | |
| | ) | |
| Appellant, | ) | 2:05-cv-01065 |
| v. | ) | |
| | ) | |
| CEDA MILLS, INC. | ) | |
| | ) | |
| Appellee. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

August 16, 2006

  Presently before the Court for disposition is the NOTICE OF APPEAL OF ORDER OF COURT CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION ON JUNE 23, 2005 (*Document No. 1*), with appendix, the brief in support filed by appellant, Capital Crossing Bank ("Capital Crossing" or "Appellant") (*Document No. 7*), the brief in opposition filed by debtor/appellee, Ceda Mills, Inc. ("Ceda Mills" or "Appellee") (*Document No. 15*), and the reply brief filed by Capital Crossing Bank (*Document No. 16*). After due consideration of the filings of the parties and the applicable case law, the order will be affirmed.

Background

  Ceda Mills is a company engaged in processing metals at a plant in New Castle, Pennsylvania. In July 2003, severe storms damaged the plant and forced the cessation of operations. On April 2, 2004, Ceda Mills commenced a Chapter 11 case in the United States Bankruptcy Court, Case No. 04-24452-BM.

  The most significant asset possessed by Ceda Mills is a lawsuit it is pursuing (also in the Bankruptcy Court) against its insurance carrier. The lawsuit asserts claims for property damage,

business interruption, and bad faith denial of coverage. On June 4, 2004, Ceda Mills petitioned the bankruptcy court to appoint special counsel to pursue this action. Special counsel was to be compensated by a contingency fee of forty percent (40%). The Bankruptcy Court approved the appointment of Special Counsel on July 1, 2004 and this order was not appealed.

In November 2004, Ceda Mills filed a Disclosure Statement and a Chapter 11 Plan of Reorganization. Capital Crossing Bank filed objections and the Bankruptcy Court scheduled a confirmation hearing, which was then postponed. On April 20, 2005, Ceda Mills filed an Amended Disclosure Statement and an Amended Chapter 11 Plan of Reorganization. The Bankruptcy Court conditionally approved the Amended Disclosure Statement and again set a confirmation hearing. Capital Crossing Bank filed objections to the Amended Plan and voted to reject the Amended Plan.

Capital Crossing, as assignee of FirstMerit Bank, N.A., is a secured creditor holding a claim valued at $3,286,800.33. Capital Crossing's interest is based on a series of four promissory notes executed by Ceda Mills on April 12, 2001, as well as collateral for those notes in the form of a security interest in all of the debtors equipment and a mortgage on its premises.

On June 23, 2005, the Honorable Bernard Markovitz conducted a confirmation hearing. Counsel for Capital Crossing Bank and Ceda Mills attended and participated. The record at the hearing consisted of the Amended Disclosure Statement, the Amended Plan of Reorganization, and the objections filed by Capital Crossing Bank. In addition, the Bankruptcy Court entertained legal argument from counsel for both sides. After the hearing, the Bankruptcy Court entered an

order confirming the debtor's Amended Plan of Reorganization.[1]

Standard of Review

The Bankruptcy Court's rulings of law are subject to plenary review. The Bankruptcy Court's factual findings are subject to a "clearly erroneous" standard. *American Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999).

Discussion

As set forth in the Reply Brief filed by Capital Crossing Bank, its "principal argument" on appeal is that the confirmation order must be reversed due to the failure of Ceda Mills to introduce sufficient evidence at the hearing that all the elements of 11 U.S.C. § 1129 had been met. Capital Crossing also raises numerous other allegations of error that will be addressed in less detail.

    A.    The Evidentiary Support for the Bankruptcy Court's Decision

As Capital Crossing Bank correctly points out, the burden of proof is on the debtor to demonstrate that all the factors set forth in 11 U.S.C. § 1129(a) or (b) have been satisfied. Further, the Court assumes, without deciding, that even in the absence of any objections, the Bankruptcy Court has an independent duty to confirm that all the statutory requirements are met. *See In re Union Meeting Partners,* 165 B.R. 553, 574 (Bankr. E.D. Pa. 1994), *aff'd,* 52 F.3d 317 (3d Cir. 1995); *In re Williams*, 850 F.2d 250, 253 (5th Cir. 1988).

---

[1]The Order modified the Amended Plan in one respect, providing that the allowed secured claim held by Capital Crossing would be paid over 72 months plus interest with no balloon payment.

Capital Crossing Bank contends that Ceda Mills provided "not a scintilla of evidence" at the confirmation hearing, and thus, could not meet its burden. The Court disagrees. The evidence submitted by Ceda Mills consisted of the disclosure statements and reorganization plans it filed with the Bankruptcy Court and served on the other interested parties.

The parties have not cited to any authority that directly addresses the quantum of evidence that must be presented in a confirmation hearing. However, in the case of *In re Gulfstar Indus., Inc.,* 236 B.R. 75, 77-78 (M.D. Fla. 1999), the District Court concluded that the Bankruptcy Court could properly base its confirmation decision solely upon the court file without taking additional evidence in the hearing. The Court explained:

> If the Bankruptcy Court were to be prevented from using the record when deciding whether a proposed reorganization plan meets the requirements of 11 U.S.C. § 1129, it would, in essence, be "grind[ing] the same corn a second time." *In re Acequia,* 787 F.2d at 1358, quoting *Aloe Creme Labs., Inc. v. Francine Co.,* 425 F.2d 1295, 1296 (5th Cir.1970). In the interests of judicial economy, this Court finds that it is not only permissible, but entirely appropriate for the Bankruptcy Court to review, if necessary, a case's record when deciding if a proposed reorganization plan meets the requirements of 11 U.S.C. § 1129. Pursuant to established law, the lower court was not under any obligation to take evidence during the Confirmation Hearing.

*Id.* at 78. The Court finds the reasoning of the *Gulfstar* Court to be sound. It is particularly persuasive under the facts of this case. A review of the briefs and of the transcript of the confirmation hearing demonstrates that Capital Crossing Bank was aware of all the relevant facts and made primarily legal arguments in its effort to defeat confirmation. In summary, the Court rejects Capital Crossing's argument that confirmation of the plan was not supported by sufficient evidence.

B.     Appellant's Other Arguments

Having rejected Capital Crossing's principal argument, the Court now addresses the other contentions in a more summary fashion. None of these subsidiary arguments are meritorious.

Capital Crossing Bank contends that the reorganization plan failed to satisfy all the requirements of § 1129(a). In particular, Capital Crossing cites subsections (a)(11), (a)(7)(A)(ii), and (a)(1). Subsection (a)(11) tests whether confirmation of the plan is likely to be followed by liquidation or further reorganization. This is a quintessentially factual issue that is subject to clear error review. At the confirmation hearing, appellant's counsel stated his basis for challenging the feasibility of the plan. A.250-252. The Court's rejection of these challenges to feasibility was not clearly erroneous. The Amended Disclosure Statement contained evidence of debtor's business prospects based on its past financial performance and general steel industry trends. In addition, the Court examined the litigation prospects of Ceda Mills' claims against its insurer. A. 259-60. Subsection (a)(7)(A)(ii) examines whether a creditor's best interests would be served by proceeding to liquidation. The Bankruptcy Court conducted this analysis in the confirmation hearing. A. 253-255. The Court determined that the Plan, which proposed to pay Capital Crossing Bank 100 percent of its allowed claim, with interest, was superior to liquidation. This determination was not clearly erroneous. The analysis of subsection (a)(7) is interwoven with appellant's argument regarding subsection (a)(1). Appellant contends that its secured interest was subordinated to the contingent fee owed to the lawyer pursuing the insurance litigation. This argument is easily rebutted, on several alternative grounds. First, appellant does not have a secured interest in the entire litigation recovery, and particularly if Ceda Mills recovers for bad faith. *See* A. 262. Second, the value of the insurance claim is diminished

5

substantially if there is no lawyer willing to prosecute the case. *See* A. 256 (appellant's counsel acknowledging that counsel should be compensated, although objecting to 40% contingency). Third, appellant waived the right to challenge the contingent fee. The Bankruptcy Court had approved appointment of special counsel almost a year earlier. Appellant failed to contest the appointment and that decision was not appealed. Appellant cannot allow litigation counsel to invest significant time and expense in pursuing the case, only to swoop in after the result with its claim of priority to the recovery. In sum, whatever superior right appellant may have had to the proceeds of the insurance case compared to litigation counsel was waived, and therefore, the Amended Plan provided a superior recovery to appellant than liquidation. Thus, the Bankruptcy Court properly found that all of the section 1129(a) factors were met.

  Capital Crossing Bank contends that Ceda Mills never requested confirmation under 11 U.S.C. § 1129(b). This argument is without merit. Although the Amended Plan of Reorganization listed Capital Crossing Bank's claim as "unimpaired", the Bankruptcy Court stated explicitly that it was "treating you as impaired." A.243. Appellant filed objections to the reorganization plan, voted against it, and was given a full opportunity to oppose it. Moreover, the hearing transcript is replete with references to the debtor's need to fulfill the elements of a "cram-down" pursuant to § 1129(b). Counsel for Ceda Mills clearly stated, in response to questions from the Court, that it had satisfied the elements necessary for a cram-down. A.236. *See also* Amended Plan of Reorganization, Miscellaneous Section f (disclosing that debtor would be seeking a cram-down if any creditor objected to the plan). A.149.

  Finally, appellant contends that section 1129(b) is not satisfied because the plan is not fair and equitable. The reorganization plan explicitly states that Capital Crossing Bank would retain

its liens. A. 144. For the reasons discussed above, litigation counsel's contingency fee is appropriate and does not create any inequity to appellant. The Bankruptcy Court's determination that Capital Crossing Bank would receive the "indubitable equivalent" of its allowed secured claim was not clearly erroneous. This issue was thoroughly explored during the confirmation hearing. A.258-271. Thus, the Bankruptcy Court properly determined that the requirements of section 1129(b) were met. In summary, the Bankruptcy Court's Confirmation Order was justified under the law and facts of this case.

Conclusion

For the foregoing reasons, the Bankruptcy Court's order dated June 23, 2005, which confirmed Ceda Mills' Amended Plan of Reorganization, will be **AFFIRMED**.

An appropriate Order follows.

McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CAPITAL CROSSING BANK,** | ) | |
| | ) | |
| Appellant, | ) | 2:05-cv-01065 |
| v. | ) | |
| | ) | |
| **CEDA MILLS, INC.** | ) | |
| | ) | |
| Appellee. | ) | |

## ORDER OF COURT

AND NOW, this 16th day of August, 2006, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the APPEAL OF ORDER OF COURT CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION ON JUNE 23, 2005 (*Document No. 1*), is **DENIED** and the Bankruptcy Court's order dated June 23, 2005, which confirmed Ceda Mills' Amended Plan of Reorganization, is **AFFIRMED**. The clerk is ordered to mark this case closed.

BY THE COURT:


s/ Terrence F. McVerry
United States District Court Judge

cc:    Brian A. Lawton, Esquire
       Email: blawton@metzlewis.com
       John R. O'Keefe, Jr., Esquire
       Email: jokeefe@metzlewis.com

       Craig J Ziady, Esquire
       Kevin J Simard, Esquire
       Riemer & Braunstein LLP
       Three Center Plaza, 6th Floor
       Boston, MA 02108
       617-523-9000


APPELLEE:
       John P. Lacher, Esquire
       Email: rol@lampllaw.com

       Robert O. Lampl, Esquire
       Email: rol@lampllaw.com

       Timothy P. Palmer, Esquire
       Buchanan Ingersoll
       301 Grant Street
       One Oxford Centre, 20th Floor
       Pittsburgh, PA 15219
       (412) 562-8800